UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOLLE NIKOLLAJ,

        Plaintiff,                        Case No. 02-73373

vs.

                                        DISTRICT JUDGE DENISE PAGE HOOD
                                        MAGISTRATE JUDGE STEVEN D. PEPE

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT ATTORNEY FEES

      This Court, in an Order dated October 31, 2003, granted Plaintiff's motion for summary judgment in part, and directed additional remand proceedings (Dkt. #23). Those additional proceedings resulted in a Partially Favorable Decision by the Administrative Law Judge dated May 25, 2006, awarding a period of disability for August 8, 2002, to November 4, 2005, only. It denied benefits for other periods of disability claimed and a review of that denial is currently pending before this Court.

      On April 10, 2008, Plaintiff's counsel moved the Court pursuant to 42 U.S.C. § 406(b) for authorization of attorney fees for Federal Court representation in this case in the total amount of $10,827.50 (Dkt. #32). This amount, when added to the $4,000.00 already paid by the agency for representation at the agency level, represents 25% of the past-due social security disability benefits paid so far on Plaintiff's account pursuant to the prior remand proceedings ordered by this Court. As noted above, Plaintiff's case continues to pend before this Court seeking additional

1

benefits, and so this motion pertains only to a fee for benefits already awarded. The present motion was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on May 20, 2008 (Dkt. #36).

42 U.S.C. § 406 (b)(1)(A), allows an attorney fee of up to "25% of the total past due benefits to which the Claimant is entitled" by reason of the Court's judgment. On March 6, 2008, the Social Security Administration issued the award notice calculating Plaintiff's benefits due for the closed period awarded on remand, and indicated that it withheld 25% of these past due benefits pursuant to that partial award, or $14,827.50 (Dkt. #32, Ex. D, p. 4). It also approved and paid $4,000.00 of that 25% as the fee for representation at the agency level only.

Plaintiff's fee contract with counsel for court representation agrees to payment of 25% of the past-due benefits (Dkt. #32, Ex. C). Plaintiff's attorney requests that the balance of the 25% withheld by the agency, or $10,827.50, be approved as a reasonable attorney fee, as was agreed to by Plaintiff. Plaintiff's counsel further asserts that if the full balance of the 25% of past due benefits ($10,827.50) is approved by this Court, no petition for any additional fee based on the partial period already awarded will be submitted to the Social Security Administration. Plaintiff's counsel's motion is supported by an affidavit of Plaintiff's attorney, a brief, an itemized statement of time spent on this case by Plaintiff's attorney, a copy of the Federal Court Fee Agreement signed by Plaintiff and a Proposed Order. Moreover, Defendant has no objection to the attorney fees requested by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) (Dkt. #34).

Despite the absence of any objection by Defendant, a district court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 1828-29 (2002); *Glass v. Secretary of HHS*,

822 F.2d 19 (6th Cir. 1987); *Dearing v. Secretary of HHS*, 815 F.2d 1082 (6th Cir. 1987); *In re Horenstein*, 810 F.2d 73 (6th Cir. 1986).

In *Hayes v. Secretary of HHS*, 923 F.2d 418 (6th Cir. 1990), the Sixth Circuit clarified its previous position in *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989) (*en banc*), by explicitly setting forth the starting point for district courts analyzing fee petitions when a contingency fee agreement exists between the attorney and the social security claimant. The Sixth Circuit stated:

> We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Id.* (footnotes omitted). In these circumstances, attorney fees in the amount of 25% of past due awards are *per se* reasonable. *Id.* The Supreme Court decision of *Gisbrecht v. Barnhart*, *supra*, is consistent with *Hayes*. *Gisbrecht* upholds awards under contingent fee agreements in social security cases if the fee amount is reasonable; *Hayes* provides a formula to determine such reasonableness.

If the calculated hourly rate is above this "floor" (of twice the standard rate), then the court may consider arguments designed to rebut the reasonableness of the requested attorney's fees. Following the dictates of *Hayes*, the first step is to obtain the hypothetical hourly rate for this case.

Here, Plaintiff's counsel indicates she spent 43.3 hours working on this case. She is seeking $10,827.50 for those services.[1] Dividing her total fee request by the number of hours worked at

---

[1] Here, Plaintiff's counsel is seeking only $10, 827.50, but she notes that the Social Security Administration has already approved and paid $4,000.00 of the 25% of Plaintiff's past due benefits as the fee for representation at the agency level only.

the judicial level($10,827.50/43.3 hours) results in an hourly rate of approximately 10,827.50. According to the State Bar of Michigan Journal, Ms. O'Donnell has been licensed to practice law in Michigan since 1985.

The Court has examined the most recent Economics of Law Practice survey issued by the State Bar of Michigan to determine the prevailing market rate. *See* 2007 State Bar of Michigan Economics of Law Practice. The State Bar survey indicates that for Michigan attorneys with twenty to twenty nine years in practice the average hourly rate is $200. Accordingly, Ms. O'Donnell's hourly rate is below the "floor" rate, and is therefore *per se* reasonable.

Having reviewed Plaintiff's counsel's motion and submissions, and for the reasons stated above, **IT IS RECOMMENDED** that the present motion be **GRANTED**.

It is **FURTHER RECOMMENDED** that Plaintiff's counsel, Margaret A. O'Donnell, be awarded attorney fees in the amount of $10,827.50 from Plaintiff's past due Social Security Disability benefits pursuant to 42 U.S.C. §406. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local, 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections

is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 30, 2008  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 30, 2008.

s/ Alissa Greer
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298