**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NICOLLE NIKOLLAJ,
        Plaintiff,

                                           Case Number: 02-73373

v.

                                           HON. DENISE PAGE HOOD

MICHAEL J. ASTURE, COMMISIONER     UNITED STATES DISTRICT JUDGE
OF SOCIAL SECURITY,
        Defendant.                    HON. VIRGINIA M. MORGAN
                                           UNITED STATES MAGISTRATE JUDGE
_____ /

**REPORT & RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR EAJA FEES (#57)**

*Introduction:*

On July 13, 2009, plaintiff's counsel filed the instant motion for fees under the Equal Access to Justice Act, 28 U.S.C. §2412(d)(2)(A) (#57). Defendant filed a response to which plaintiff replied. For the reasons discussed in this report, it is recommended that the request for EAJA fees be denied.

*Procedural Background:*

This is action for judicial review of the denial of plaintiff's application for social security disability benefits which has been pending since 2002 when plaintiff filed the complaint. At that time, the case was referred to Magistrate Judge Steven Pepe. His Report and Recommendation to remand for further proceedings was accepted by the district judge who remanded the case to the agency in 2003. Because only an Order of Remand was entered and not a judgment, jurisdiction remained in the federal court. The agency granted a closed period of disability. In 2007, after the partially favorable decision by the agency, the court

1

case was reopened on plaintiff's motion. Plaintiff sought further judicial review of the denial of benefits before and after the closed period. A new Report and Recommendation was entered by Magistrate Judge Pepe and accepted by the district judge. On May 27, 2009, the court entered Judgment remanding the case for further proceedings, *i.e.* for ALJ Revels to explain her conclusion regarding plaintiff's medical improvement and its effect on his ability to work. On September 10, 2010 (Text Only order), the case was reassigned to the undersigned. On September 16, 2010, the Motion for EAJA Fees was referred to the undersigned (#60).

It should be noted that counsel has already received fees pursuant to 42 U.S.C. §406 in the amount of $14,827.50 (the full 25% of past due benefits) for work done prior to December, 2007 in obtaining the closed period of disability awarded by the agency. Counsel now seeks an additional $5,938.05 for an additional 34.6 hours of work [calculated rate/hour of $171.00] for work done in connection with the remand: reopening of the case, preparing the summary judgment motion on the denial of benefits after November, 2005, extending dates, securing the Judgment which remanded for review of entitlement to benefits after the closed period, preparing the EAJA fee petition and reply to the response.

*History of the Claim:*

In 1999, plaintiff filed for social security disability benefits. Plaintiff alleged disability due to neck pain, headaches, bilateral upper arm pain, and numbness. Benefits were denied and plaintiff appealed to this court in 2002. The district judge remanded the case to the agency for further proceedings following adoption of the Report and Recommendation of Magistrate Judge Pepe (Amended Report of October 2, 2003 [correcting clerical errors],

#22). Magistrate Judge Pepe recommended that defendant's motion for summary judgment be denied and that plaintiff's motion for summary judgment be granted in part, and that the case be remanded for further proceedings. The Report & Recommendation did not specify whether the remand was pursuant to Sentence Six or Sentence Four of 42 U.S.C. §405(g). The recommendation directed the ALJ to further consider whether there are jobs plaintiff can do with the limitations found by the ALJ regarding repeated hand use, and also recommended that plaintiff be permitted to supplement the record with additional medical evidence. In the order of remand, the district judge mentioned both Sentence Four and Sentence Six of 42 U.S.C. §405(g) but did not enter judgment for either party. (#23). No objections were filed to the order by either side. The plaintiff has taken the position before the agency that the remand was pursuant to Sentence Six. (#35-6 p 47;Tr. 302)

Prior to the order of remand, plaintiff had initiated a new application for benefits alleging a worsening of his condition due to increasing symptoms of cardiac impairment. (#35-7, p3; Tr. 308) The two applications were combined for hearing in the further proceedings which were held before the agency. The agency issued a Partially Favorable Decision in 2006. The agency found that plaintiff was entitled to a closed period of disability for the period August 8, 2002 to November 4, 2005. The ALJ denied benefits before the date because there was not evidence of a significant cardiac impairment, and after that period because his cardiac condition had improved. Plaintiff sought judicial review in December, 2007, by moving to reopen the federal court case. (#24). The government opposed the reopening, arguing for the first time that the Order of the District Judge conflated the two methods of remand and that it should not have retained jurisdiction (i.e. it should have entered

3

Judgment) because the remand for further proceedings was pursuant to Sentence Four. Judge Pepe determined that the case was remanded under Sentence Four but "in a fashion that permitted either party to reopen," noting in his Order Granting Motion to Reopen: "Defendant has failed to cite any authority that would limit a district court's ability to remand a case under sentence four and retain jurisdiction if either party sought further review."[1]

On January 14, 2008, Judge Pepe ordered the case reopened. (#31) On April 10, 2008, plaintiff filed a Motion for Attorney Fees under 42 U.S.C. 406(b). Counsel had been awarded $4000 at the agency level and sought an additional $10,827.50, increasing the attorney fee to the full amount of the 25% of withheld benefits on the closed period of disability. The motion was granted and fees awarded prior to Judgment.

Now, plaintiff's counsel has filed for EAJA fees. The initial application sought $5714.94. In her reply brief, counsel adjusts the amount to $5938.05 for 34.6 hours of work, including reading the defendant's response to the motion and preparing her reply. (#59) Attached to her initial petition is her client's July 6, 2009 Assignment of EAJA fee to counsel. (#57-4) That document provides that plaintiff agrees to

> 1... "assign any entitlement that I may have to a fee under the Equal Access to Justice Act. . to my attorney Margaret A. O'Donnell. I acknowledge that the fee compensates my attorney . . . in whole or in part, depending on whether I am ultimately awarded benefits payable to counsel and not to me as the Plaintiff.

---

[1] By its terms, sentence four provides for judgment: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." Sentence six describes a situation where a court may order additional evidence to be taken before the Commissioner but only upon a showing that there is new and material evidence and good cause for the failure to incorporate such evidence into the record in the prior proceeding. *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Allen v. Commissioner* 561 F.3d 646, 652-53 (6th Cir. 2009); *Siuta v. Commissioner*, 2009 WL 275732, 1-2 (E.D. Mich. 2009) (Hood, J).

2. Wherefore, I assign any right or interest I may have in the award of an EAJA fee and understand that the EAJA award shall be paid to my attorney . . . to help compensate counsel for the work she performed on this case in the U.S. District Court and, when applicable, before the Commissioner on remand.

*Equal Access to Justice Act*

The Equal Access to Justice Act, Title 28 Section 2412(d)(1)(A), provides, in relevant part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a),incurred by that party in any civil action (other than cases sounding in tort), ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

Subsection 2412(d)(1)(B) provides that

> " A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness ... stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified."

Generally such fees are capped at $125.00 per hour. 28 U.S.C. §2412(d)(2)(A), *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).[2]

The Supreme Court explained the statute in *Scarborough v. Principi* 541 U.S. 401, 124 S.Ct. 1856, 1857 (U.S.,2004),

> "The Equal Access to Justice Act (EAJA) authorizes the payment of attorney's fees to a prevailing party in an action against the United States absent a showing by the

---

[2]However, the district judge held in a similar case in 2009 that a rate of $135.00/hour is reasonable. *Siuta v. Commissioner*, 2009 WL 275732 (E.D. Mich. 2009).

5

Government that its position in the underlying litigation "was substantially justified." 28 U.S.C. §2412(d)(1)(A). Section 2412(d)(1)(B) sets a deadline of 30 days after final judgment for the filing of a fee application and directs that the application include: (1) a showing that the applicant is a "prevailing party"; (2) a showing that the applicant is "eligible to receive an award"; and (3) a statement of "the amount sought, including an itemized statement from any attorney ... stating the actual time expended and the rate" charged. Section 2412(d)(1)(B)'s second sentence further requires the applicant to "allege that the position of the United States was not substantially justified."

Recently, the Supreme Court decided *Astrue v. Ratliff* 130 S.Ct. 2521, 2522 -2523 (U.S.,2010), which clearly held that the fees were payable to plaintiff, not to counsel and consequently, counsel had no standing to challenge offsets to such fees. As further stated in *Ratliff,* fees are awarded to the prevailing party and attorney's fees in the amount sought must be substantiated under, *inter alia,* subsection (d)(1)(B); that the prevailing party's attorney may have a beneficial interest or a contractual right in the fees does not alter this conclusion.

Subsequently, district courts in this circuit and elsewhere have looked to whether, as clearly stated in the statute, the requested EAJA fees have been actually "incurred" by plaintiff and are substantiated. *Turner v. Astrue*, 2010 WL 3626145 (E.D. Ky. Sept. 14, 2010)(Thapar, J). *Turner* noted that EAJA is a limited waiver of sovereign immunity and as such must be strictly construed. Citing *United States v. Bodcaw Co*, 440 U.S. 202, 203 n. 3 (1979), the court found that absent express statutory authorization, sovereign immunity creates a prohibition against ordering the United States to pay attorney fees. *Turner* at * 3. Similarly, in *Murkeldove v. Astrue*, 635 F. Supp2d 564 (N.D. Texas 2009), the court held that where plaintiff had not paid the fees and had no legal obligation to pay the fees, he had not "incurred" them and denied EAJA fees. *Id.* at 585-586. Adopting the reasoning in *Murkeldove*, Judge Thapar in *Turner* found that EAJA does not authorize federal courts to award attorney's fees to claimants who secure a remand but no past-due benefits. *Id*. at page

11-12. The circuit court has not opined on the issue since that case.

*Analysis*

1. Plaintiff has "incurred" no fees.

This case mirrors *Turner,* in that it does not appear that plaintiff has "incurred" any fees. The fee agreement (attached to the original motion for fees #32-5 and the assignment document #57-4) provides that plaintiff will not be liable for any fees if his case is not successful and if he wins, the fee will be drawn from the 25% of withheld benefits and that any EAJA fees will be payable to counsel. If EAJA fees are awarded, they are assigned to counsel.[3] Plaintiff has no obligation to pay any fees to his attorney at any time. He has not incurred any fees, will not incur any fees, and therefore, there is no basis to award EAJA fees.

2. The position of the United States was substantially justified.

In the application, plaintiff alleges that "plaintiff's [sic, defendant's] position was not substantially justified." (#57) In the brief, plaintiff concedes that there was improvement in the objective cardiac testing, but disputes that there was symptomatic improvement and therefore the remand was necessary and the United States position was not substantially justified. However, the record belies that claim. While remand was ordered for the ALJ to more clearly explain her reasoning, it does not follow that the position of the agency lacked substantial justification.

Based on the award of a closed period of disability (Tr. 308-316), there are essentially

---

[3]*Turner* stated that the assignment of plaintiff's claim against the United States for attorney's fees is void because it runs afoul of the Anti-Assignment Act, 31 U.S.C. §3127, which applies to EAJA fee awards. *See Hayes v. Astrue*, 2008 WL 648463, *3-4; *Vinning v. Astrue*, 668 F. Supp2d 916, 929(N.D. Texas 2009).

three time periods of alleged disability (before, during, and after the closed period). Only after the closed period of disability is there an issue of whether the position of the United States was substantially justified. Plaintiff seeks fees for work done after December, 2007. Thus, at issue in this motion are fees only for the third period of disability review which was remanded for a clearer statement of reasons by the ALJ. Neither the court nor the agency has determined plaintiff to be entitled to benefits after November, 2005.

In this case, the difference as to whether plaintiff could work or not work was his cardiac condition. Plaintiff alleged disability since July 18, 1998. The agency, the magistrate judge, and the district court all found that plaintiff's claim was not supported until August 2002 when results of the reduced ejection fraction implied that he was not capable of sedentary work . Benefits were awarded on the combined consideration of his original application and medical evidence, as well as on the second application and evidence filed while the federal court action was pending and consolidated on remand. When the additional evidence was before the ALJ, she considered it and awarded a closed period of disability benefits. The determination that plaintiff was not disabled as been upheld on appeal. Thus, it is clear that without the impact of the cardiac impairment, plaintiff could work.

The remand was for the ALJ to make this reasoning clear on the record. The court did not opine that plaintiff was entitled to continuing disability benefits. While the ALJ's decision denying benefits may not have been supported by substantial evidence according to the district court, there clearly was not sufficient evidence to award benefits and thus, the position of the United States cannot be said to have lacked substantial justification.

By way of background:

*1. July 18, 1998 to August, 2002*

Plaintiff alleged disability from July 1998. The ALJ found plaintiff not disabled and this denial of disability was upheld by the court. Plaintiff would not be entitled to any fees for that period, and none are sought, because he is not a prevailing party.

Plaintiff was 44 years old at the time of the ALJ's first decision and 48 at the time of her second decision. Plaintiff claimed that headaches, low back pain and neck and arm pain rendered him disabled in July 1998. He alleged a need to lie down two to five times a day from 15 to 60 minutes based on the level of pain he experiences. He immigrated from Kosovo in 1973, when he was 15 and had completed 9 years of schooling there. He testified that he can speak and read English, but writing is difficult. (Tr. 26-27) He worked as a maintenance machine repairer since 1979 at Thorn Apple Valley until July 1998, essentially contemporaneous with its closing. The Thorn Apple Valley plant closed in late July or early August, 1998, although plaintiff stated that he stopped working shortly before–not because it closed but because he was unable to work. (Tr. 29) The record is silent as to whether plaintiff drew unemployment after the plant closed. Plaintiff did receive an award of $50,000 in workers compensation. (#32-6) The ALJ found that he was not disabled and this determination was upheld by the court.

*2. August 2002 through November 2005*

This period was considered on remand in conjunction with plaintiff's second application for benefits which included an alleged worsening of his condition. In August, 2002, plaintiff was diagnosed with heart problems and chest pain. The ALJ found that he did not have the capacity for sedentary work and, thus, benefits were awarded as of that date

9

forward to November, 2005. Plaintiff's counsel received the full amount of the 25% of withheld benefits as fees. More fees under EAJA would not appropriate because benefits were awarded based on the combination of plaintiff's second application and the court's permission to permit the plaintiff to introduce additional evidence. It cannot be said that the position of the United States was not substantially justified. Further, EAJA fees are not sought for this work as the requested time only begins in December, 2007. (#57-3)

*3. The period after November, 2005 through May 25, 2006*

The hearing was held on November 8, 2005. Plaintiff was 48 years old; a younger individual under the regulations. The ALJ determined that plaintiff's cardiac condition had improved and plaintiff was able to perform sedentary work. (R & R # 54, p 25-26, Tr. 315) She based this on the objective evidence before her. ALJ Revels cited the ejection fraction of 25% in August, 2002 and of 58% in November 5, 2005. Plaintiff was also no longer experiencing syncopal or dizzy spells and had none since June 2005. (Tr. 477-79, 671-672) ALJ Revels stated: "medical improvement that has occurred is related to the ability to work because the claimant no longer has a less than sedentary residual functional capacity brought on by the severity of the cardiomyopathy."

Plaintiff contended on appeal that the ALJ's determination lacked supportive reasoning. Both sides cited to medical evidence occurring between August 2002 and November 2005. The magistrate judge reviewed the evidence. (R & R 54, p 27) The district court remanded for further clarification of the reasoning. This does not imply a finding that the position of the United States lacked substantial justification.

3.   Special circumstances make an award unjust.

Plaintiff's counsel has already received over $14,000 [a calculated rate of $342.43 per hour]. During the time period since filing the application, counsel filed requests for extension of time at the agency level (Tr. 9; 17 or 50 #35). The requested delay and the delay in the ordinary course of agency scheduling resulted in a greater amount of withheld benefits and a consequently greater fee due counsel, but does not equate to the need for additional legal work. Thus, the extended time period increased counsel's fee without increased work. Further, the full amount of 25% of past due benefits has been received, it is unclear whether any further benefits will be granted, and the assignment to counsel of the EAJA fees[4] would result in payment to counsel of more than the statutorily permitted 25% .

4. The amount of fees requested is unreasonable.

EAJA provides only for the recovery of "reasonable" fees and expenses. 28 U.S. C. §2412(d)(2)(A). The court generally uses a lodestar method of calculation consistent with *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In this case, the court finds that the requested rate of $171 is not reasonable and applies the rate found by the district judge in 2009 (the year the application was filed) of $135. *See Siuta v. Commissioner*, 2009 WL 275732 (E.D Mich 2009)(Hood, J.).

Further, hours that are excessive, redundant, or otherwise unnecessary should be excluded from an award of fees. *Hensley*, 461 U.S. at 434. The fee applicant bears the burden of documenting the number of hours expended in litigation and must submit evidence in support of those hours worked. *Id.* Where billing records are lacking in detail, a reviewing court may reduce the fee to a reasonable amount. *Brandt v. Astrue*, 2009 WL 1727472 (D.

---

[4]Assuming the same is not void pursuant to the Anti-Assignment Act, see *Turner v. Astrue,* 2010 WL 3636145, at page 12, *Vinning v. Astrue* 668 F. Supp2d 916, 929 (ND TX 2009)

11

Or, citing *Fischer v. SJB-PD Inc*, 214 F3d 1115, 1121 (9th Cir. 2000). It is inappropriate to seek fees under a fee shifting statute for purely secretarial or clerical tasks. *Brandt* at page 5. This is also true for essentially boilerplate letters, pleadings, review of scheduling orders, and lack of complex issues. *Id.*

In this case, plaintiff seeks the following in #59-2. Although the magistrate judge believes that no fees should be awarded, if fees are to be awarded, they should be reduced as follows:

**AMENDED ITEMIZED STATEMENT OF SERVICES**

| Date | Hours Allowed |
|---|---|
| 12/06/07 Review file, prepare Motion to Reopen, research, prepare attachments and brief. 2.5 | 2.5 |
| 12/10/07 PC Ms. Mays (US attorney); fax to Ms. Mays. .4 | .2 (clerical) |
| 12/11/07 Revise and proof Motion and Brief, letter and enclosures to Court. .5 | .25 (clerical) |
| 12/17/07 Receipt and review of Notice of Referral to Magistrate Judge. .1 | 0 (clerical) |
| 01/09/08 Receipt and review of Answer to Motion, review file, prepare reply. 1.3 | 1.3 |
| 01/15/08 Receipt and review of Order Granting Motion to Reopen. .3 | .3 |
| 04/09/08 PC Ms. Greer (case manager). .1 | 0 (Ms. Greer is not the case manager for Judge Hood) |
| 04/11/08 Receipt and review of scheduling order, calendar dates. .2 | .1 (clerical) |
| 05/30/08 Review file, prepare Motion for Extension of Time for Summary Judgment. .3 | .3 |
| 06/11/08 Review pleadings and transcript for Motion/Brief preparation. 2.0 | 2.0 |
| 6/12/08 Receipt and review of Order granting extension, calendar dates. .2 | .1 (clerical) |

| | |
|---|---|
| 06/13/08 Research regulations, outline and draft facts; outline and begin draft argument. 7.0 | 2.0 (the brief is in large measure identical to that filed in 2003) |
| 06/15/08 Continue draft and revisions, research. 5.3 | 1.0 (see above) |
| 06/17/08 Proof and finalize pleadings and attachments for filing. .6 | .3 (clerical) |
| 08/06/08 Receipt and review of Notice of Substitution of Attorney (AUSA); receipt and review Motion for Extension of Time from AUSA. .2 | .1 (clerical) |
| 08/08/08 Receipt and review of Order granting extension. .1 | 0 (clerical) |
| 09/04/08 PC client. .2 | .2 |
| 09/05/08 Review file, PC AUSA assistant. .1 | .1 |
| 09/08/08 PC AUSA Woodward. .1 | 0 (unnecessary) |
| 09/09/08 Receipt and review of Defendant's Motion for Summary Judgment and Brief. .5 | .5 |
| 09/16/08 Receipt and review of documents from client regarding updated medical. .2 | .2 |
| 09/18/08 Prepare and send Motion to Extend Time for Reply. .2 | .1 (clerical) |
| 09/30/08 Review file and pleadings, research for Reply Brief. 1.5 | .5 (No evident research; boilerplate) |
| 10/01/08 Begin draft of Answer to Motion and Brief. 2.4 | 1.2 (response brief and repeats s/j motion) |
| 10/06/08 Complete draft, revision, research for Answer to Motion and Brief. 2.3 | 2.3 |
| 12/18/08 Receipt and review of Order granting extension. .1 | 0 (clerical) |
| 03/06/09 Receipt and review of Report and Recommendation, review file and Hallex, PC client, calendar dates. .8 | .8 |

04/13/09 Receipt and review of Order Accepting R and R .1     .1

04/21/09 Review file, letter and enclosure to client. .4     .4

05/27/09 Receipt and review of Judgment, calendar dates. .1     .1 (but clerical)

06/23/09 Review file for EAJA Application, letters and enclosures to client. .5     .5

06/24/09 Begin preparation of EAJA Application and Brief, research. 1.3   1.5

06/29/09 Continue draft, revise EAJA Application and Brief, review file for argument. .9     .5 (duplicative)

07/06/09 PC client; review new physicians, revise EAJA brief. .3     .3

07/28/09 Receipt and review Defendant's Response to Application for EAJA fees. .3     .3

07/29/09 Review file, research, prepare Response to Defendant's Reply. 1.0   1.0

07/31/09 Proof, correct Response. .2     .2

_____

Total Hours 34.6     21.5 hours

Using the lodestar method, the fee would be 21.5 hours times $135/hour for a total of $2902.50.

***Conclusion:***

For the reasons discussed above, it is recommended that the motion for EAJA fees be denied. The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise

some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                  S/Virginia M. Morgan
                                  Virginia M. Morgan
                                  United States Magistrate Judge

Dated: October 28, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on October 28, 2010.

                                  s/Jane Johnson
                                  Case Manager to
                                  Magistrate Judge Virginia M. Morgan