UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nicolle Nikollaj,

        Plaintiff,                      Case No. 02-73373

vs.

                                            HONORABLE DENISE PAGE HOOD

Michael J. Astrue, COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

**I. Introduction**

      This matter is before the Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation, dated October 28, 2010 [Docket No. 57]. On July 13, 2009 plaintiff's counsel filed a motion for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d)(2)(A). Plaintiff is seeking attorney fees based on a judgment entered in his favor in May 27, 2009 [Doc. No. 59]. Neither Defendant nor Plaintiff filed any objections to the Magistrate Judge's Report and Recommendation.

**II. Standard of Review**

      The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may

accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

To preserve the right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of copy, as provided in U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right to an appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff has not filed timely objections to the Magistrate Judge's recommendation.

### III. Applicable Law & Analysis

Plaintiff claims that he should be awarded Attorney's fees pursuant to the EAJA. Plaintiff is seeking fees for work done after December 2007 [Doc. No. 62] in the amount of $5,714.94 [Doc. No. 58]. The Magistrate Judge recommended that Plaintiff's motion for EAJA fees be denied [Doc. No. 62]. For the forgoing reasons Plaintiff is not entitled to reimbursement of such fees.

A prevailing plaintiff (other than the United States) may be awarded recovery of fees and other expenses, "in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), …brought by or against the United States in any court having jurisdiction of that action, unless the court finds that position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A).

Under the EAJA, in order for a plaintiff to recover fees, the position of the United States must be found substantially unjustified. Whether the position of the United States is substantially

- 3 -

justified is based on a standard requiring that "such reasonable minds might review a body of evidence and reach widely divergent, even contradictory, conclusions." *Pierce v. Underwood*, 108 S.Ct. 2541, 2550 (1998). A finding of substantial justification does not require a verdict in favor of the United States. *Id.* In the present matter, the Commissioner's position was substantially justified.

Plaintiff is seeking fees for work done after December 2007 [Doc. No. 62] in the amount of $5,714.94 [Doc. No. 58]. In 2007, a partially-favorable decision was granted on behalf of the Plaintiff by the Court [Doc. No. 54]. It was then recommended in the Report and Recommendation by the Magistrate Judge that the case be remanded for a determination of whether or not Plaintiff's medical improvement was related to his ability to work [Doc. No. 54]. This recommendation for remand was then accepted by the Court [Doc. No. 55]. A final judgment was entered in favor of Plaintiff [Doc. No. 56].

In the present matter, the position of the Defendant was substantially justified. A final outcome in favor of the defendant is not required for substantial justification. *Pierce,* 108 S.Ct. at 2550. Here, Defendant was justified in claiming that Plaintiff was not entitled to social security benefits based on an insufficient showing of disability. The Report and Recommendation issued by the Magistrate Judge [Doc. No. 54] stated that "it cannot be said that 'proof of disability is strong and evidence to the contrary is lacking'" [Doc. No. 54] substantiating the Defendant's justification for challenging Plaintiff's claim. The record supports substantial justification of the part of the Defendant's position.

**IV. Conclusion**

Accordingly,

- 4 -

IT IS ORDERED that Magistrate Judge Virginia M. Morgan's Report and Recommendation [**Docket No. 62, filed October 28, 2010**] is ACCEPTED and ADOPTED as this Court's finding of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's request for fees under the EAJA **[Docket No. 57, filed July 13, 2009]** is DENIED.

        s/Denise Page Hood
        United States District Judge

Dated: July 21, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 21, 2011, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager